# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**M.F.,**
**Respondent Below, Petitioner**

**FILED**

**November 12, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 13-0356** (Upshur County 11-D-215)

**C.F.,**
**Petitioner Below. Respondent**

## MEMORANDUM DECISION

Petitioner M.F.,[1] appearing *pro se*, appeals the order of the Circuit Court of Upshur County, entered March 11, 2013, that denied his appeal of an order, entered January 14, 2013, by the Family Court of Upshur County. The family court declined to find petitioner in contempt of court, but awarded respondent a judgment in the total amount of $2,121.83, plus interest, for expenses the court found that petitioner owed respondent under prior orders. Respondent C.F, M.F's former wife, appearing *pro se*, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties are divorced and have two children together: M.F. Jr., born September 9, 1993, and A.F., born October 22, 1994. Three prior orders are relevant to this appeal. First, a March 6, 2012, amended divorce order provided that C.F. was responsible for the first $250 of the children's uncovered medical expenses. That same order further provided that, for medical expenses above $250, M.F. was responsible for 54% of uncovered expenses and C.F. was responsible for the remaining 46%. Second, the parenting plan attached to the March 6, 2012 amended divorce order provided that the parties have shared decision-making over the children's motor vehicle use. The parenting plan further provided that the parties also share the costs of the children's vehicle use and automobile insurance. Third, a September 4, 2012 order that modified child support also provided that C.F. was responsible for the first $250 of the children's uncovered medical expenses and that, for medical expenses above $250, M.F. was responsible for 78% of uncovered expenses and C.F. was responsible for the remaining 22%.

---

[1] Because this is a domestic relations case, we protect the identities of those involved. *See State ex rel. West Virginia Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

On October 25, 2012, respondent filed a contempt petition against petitioner alleging that petitioner owed her a total of $47.99 for M.F. Jr.'s emergency room visit and A.F.'s dental appointment in July of 2012. Respondent further alleged that petitioner owed her a total of $2,674.57 with regard to the children's vehicle use and automobile insurance, including the purchase of a car for A.F. On December 3, 2012, petitioner filed an answer to the petition and moved to appear at the contempt hearing by telephone.[2]

At a January 8, 2013 hearing, petitioner appeared by telephone and both parties testified under oath. Respondent also presented her typed-written calculations of the amounts she believed petitioner owed her for the children's medical and automobile-related expenses through December of 2012. At the end of the hearing, the family court admitted respondent's calculations into the record as Mother's Exhibits Nos. One and Two, and indicated that it would determine their accuracy. Petitioner did not object to the admission of the exhibits.

On January 14, 2013, the family court entered an order adjudicating respondent's contempt petition. The family court declined to find petitioner in contempt of court because it found that his disobedience to the prior orders was not willful. However, the family court determined that petitioner owed respondent a total of $2,121.23 under the terms of the previous orders for the children's medical and automobile-related expenses. The family court provided its hand-written calculations on Mother's Exhibits Nos. One and Two that were attached to the order. With regard to the children's medical expenses through December of 2012,[3] the family court found that respondent was responsible for the first $250 of the children's uncovered medical expenses and awarded respondent $313.20 of the $428.96 that she claimed. With regard to the children's automobile-related expenses through December of 2012, the family court disallowed respondent's claim for the purchase of A.F.'s vehicle because it found that such a purchase was not contemplated by the parenting plan and "[petitioner] objected." Accordingly, the family court awarded respondent $1,808.63 of the $4,417.59. The family court added the allowed medical expenses to the allowed automobile-related expenses and found that petitioner owed respondent a total amount of $2,121.83.[4] The family court also determined that petitioner had the ability to pay that amount. Accordingly, the family court granted respondent a judgment in the amount of $2,121.83, plus interest.

---

[2] Petitioner resides in the State of Florida.

[3] In its January 14, 2013 order, the family noted that M.F. Jr. had been living with petitioner since June of 2012 and gave petitioner leave to file for a modification of the parenting plan with regard to M.F. Jr. Based on M.F. Jr.'s date of birth, petitioner correctly states that M.F. Jr. has attained his age of majority. However, according to the parties' parenting plan, while child support terminates at high school graduation, "college tuition or continuing education, and housing [are] to be paid by [petitioner] until completion or graduation." Based on Mother's Exhibits Nos. One and Two, the expenses respondent claimed for M.F. Jr. occurred prior to M.F. Jr.'s move to Florida.

[4] ($313.20 + $1,808.63 = $2,121.83).

-2-

Petitioner appealed the family court's order to the circuit court on January 30, 2013. Petitioner did not move to appear telephonically. Petitioner placed a call to the circuit court on the day of the hearing on his appeal. According to petitioner, the circuit court denied his request to appear by telephone at the March 6, 2013 appeal hearing. In its order denying petitioner's appeal, the circuit court noted that petitioner did not appear for the hearing in person, but that petitioner "telephoned the Court and asked that his appeal still be heard." According to respondent, the circuit court allowed petitioner to inform the court over the telephone of the issues he desired to raise on appeal. Thereafter, at the appeal hearing, the circuit court asked respondent questions regarding petitioner's issues.

One of the issues petitioner raised in his petition for appeal was the family court's consideration of expenses that were incurred after the filing of respondent's October 25, 2012 petition for contempt. In its March 11, 2013 order denying petitioner's appeal, the circuit court noted petitioner's argument that the family court considered "inappropriate materials." However, the circuit court found that petitioner's objections concerned "the weight and credibility of the evidence presented by Respondent" and that "[t]hese are areas where considerable discretion is given to the Family Court because it gets to observe the evidence presented and the manner in which it is presented." Accordingly, the circuit court denied petitioner's appeal of the family court's January 14, 2013 order. Petitioner now appeals the circuit court's order.

We review the circuit court's denial of the appeal of the family court's order under the following standard:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004).

On appeal, petitioner raises two procedural issues that we find necessary to address. First, petitioner asserts that the circuit court denied him permission to appear telephonically at the March 6, 2013 appeal hearing. Respondent counters that the circuit court allowed petitioner to participate at the hearing in a modified fashion. This Court notes that when petitioner appeared by telephone in the family court, he made a motion to do so over a month before the contempt hearing. The record discloses that no such motion was made in the circuit court with regard to the appeal hearing. Given the lack of a motion, this Court agrees with respondent that the circuit court's decision to allow petitioner only limited participation in the appeal hearing did not prejudice him and finds that this issue is without merit.

Next, petitioner argues that the family court improperly considered expenses that were incurred after the filing of respondent's October 25, 2012 petition for contempt. Respondent included expenses between the October 25, 2012 petition and the January 8, 2013 hearing in the

-3-

typed-written calculations she submitted to the family court. Respondent asserts that petitioner was aware of the relevant expenses prior to the January 8, 2013 contempt hearing. The family court admitted respondent's calculations as Mother's Exhibits Nos. One and Two and indicated that it would decide the exhibits' accuracy in light of the other evidence.

This Court has reviewed the video recording of the January 8, 2013 hearing,[5] and petitioner did not object to the exhibits' admission. Therefore, this Court finds that petitioner has waived this issue. *See State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 216, 470 S.E.2d 162, 170 (1996) ("The rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace.")." Even if petitioner had objected, this Court notes that there have been instances where the Court has found that a court properly considered events occurring between the filing of the contempt petition and the holding of the contempt hearing. *See*, *e.g.*, *Czaja v. Czaja*, 208 W.Va. 62, 72-73, 537 S.E.2d 908, 918-19 (2000).

In regard to petitioner's other arguments including that he never agreed to pay the expenses and that he had an inability to pay the amounts owed, this Court finds that the circuit court was correct that petitioner's other issues constituted challenges to the family court's weighing of the evidence and credibility determinations. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). After careful consideration, this Court concludes that the family court did not err in awarding respondent a judgment in the total amount of $2,121.83, plus interest, for expenses the court found that petitioner owed respondent under prior orders.

For the foregoing reasons, we affirm the March 11, 2013 order of the Circuit Court of Upshur County that denied petitioner's appeal of the January 14, 2013 order of the Family Court of Upshur County.

Affirmed.

**ISSUED:** November 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5] The video recording of the January 8, 2013 hearing, was not included in either party's appendix. Thus, this Court had the recording sent to it from the family court.